IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez

Civil Action No. 1:24-mc-00004-RMR

HOWMEDICA OSTEONICS CORP.,

    Plaintiff,

v.

MORGAN SCHILLING,

    Defendant.

## ORDER

    This matter is before the Court on the cross motions filed by Plaintiff Howmedica Osteonics Corp. ("Stryker") and nonparty Elias "Lee" Petrides ("Petrides") at ECF Nos. 4 and 5, respectively, seeking clarification of the Court's January 29, 2024 Order granting in part Mr. Petrides's Motion to Quash (ECF No. 1). In ruling on the Motion to Quash, the Court permitted Stryker's anticipated deposition of Petrides to go forward but prohibited "Stryker from reexamining Petrides on topics or areas of questioning already covered in the first deposition in case No. 20cv-01450-RBJ." ECF No. 3. Petrides correctly notes that the "Court likely (and reasonably) assumed that its Order would provide sufficient guidance to the parties to appropriately limit the length and scope of Stryker's deposition of Petrides." ECF 5 at 3. Nonetheless, both parties apparently deemed it necessary to move for clarification of the January 29 Order, citing numerous unresolved disputes concerning Petrides's deposition. Although the need for further "clarification" of the Order

is, frankly, questionable given the contentious lawyering evident in the parties' filings and the straightforward answers to the parties' inquiries, the Court addresses each motion in turn.

Petrides's Motion to Clarify "requests that the [January 29 Order] be clarified and expanded" to (1) require Stryker to provide advance written notice of the specific topics on which it intends to examine Petrides and (2) impose a time limit on the deposition. ECF No. 5 at 6–7. While styled as a request for clarification, Petrides effectively asks the Court to reconsider its ruling on the Motion to Quash. This is not a proper basis for clarification, and Petrides has not identified any grounds that would warrant a motion for reconsideration here. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). The deposition parameters set forth in the Court's January 29 Order are straightforward and unambiguous. Petrides may not have a second bite at the apple simply because the Court declined to impose the additional limitations he originally sought in the Motion to Quash. Petrides's Motion is therefore **DENIED**.

Stryker's Motion to Clarify seeks clarification as to whether the Court's January 29 Order (1) "require[s] Stryker to satisfy conditions not ordered by the Court to schedule the deposition;" (2) prohibits Stryker from "questioning Petrides on newly produced documents" or "asking prefatory questions that may cover topics from the first deposition;" and (3) prohibits Stryker from taking a later trial preservation deposition. ECF No. 4 at 5–6. In short, the answer to all three queries is no.

As stated previously, the Court did not order Stryker to provide an offer of proof or narrow the duration of a second deposition. The parties are not free to litigate outside the

2

confines of the Court's rulings and the Federal Rules of Civil Procedure. Accordingly, Petrides is directed to move forward with scheduling the deposition in compliance with the Rule 45 subpoena and the January 29 Order.

With respect to the second issue, the Court clarifies that its January 29 Order does not foreclose examination on later-discovered documents insofar as such documents contain new or additional information not previously available during the first deposition. Stryker is likewise not prohibited from asking prefatory questions reasonably necessary for context and/or completeness. Finally, the Court clarifies that its January 29 Order does not preclude Stryker from seeking leave to take preservation testimony from Petrides consistent with the applicable Federal Rules of Civil Procedure. Stryker's Motion is therefore **GRANTED** to the extent that it seeks clarification of the Court's January 29 Order on the foregoing issues.

While the Court has attempted to address the parties' various concerns and requests in the interests of judicial economy and efficiency, the Court stresses that it is neither willing nor able to dictate the precise contours of the anticipated deposition in this case. The parties are best positioned to distinguish between old ground and new—and they should make every effort to tailor their respective questioning/objections accordingly and in good faith. The Court is not keen to mediate routine discovery disputes that could (and should) be resolved through meaningful conferral and reasonable accommodation. To that end, the parties are cautioned that unnecessary and/or frivolous motions serve only to hamper the efficient management and resolution of the proceedings and may result in the imposition of sanctions.

For the reasons set forth herein, Stryker's Motion to Clarify, ECF No. 4, is **GRANTED**, and Petrides's Motion to Clarify, ECF No. 5, is **DENIED**.

DATED: March 5, 2024

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge

4